```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
A & J PRODUCE CORP.,                    :
                Plaintiff,              :    REPORT & RECOMMENDATION
                                        :
        - against -                          04 Civ. 5830 (JGK)(MHD)
                                        :
C.Z. PRODUCE, INC., a/t/a CARMELO       :
ZITO WHOLESALE FRUITS & VEGETABLES,
a/t/a CARMINE ZITO PRODUCE,             :
ANTOINETTE R. ZITO, CARMELO ZITO and
ANNETTE ZITO,                           :

                Defendants.             :
----------------------------------------x
```

1/4/06

**TO THE HONORABLE JOHN G. KOELTL, U.S.D.J.:**

Plaintiff A & J Produce Corp. filed this action on July 27, 2004 against defendants C.Z. Produce, Inc., a/t/a Carmelo Zito Wholesale Fruits & Vegetables, a/t/a Carmine Zito Produce, as well as against Antoinette R. Zito, Carmelo Zito and Annette Zito. Pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C § 499e(c), plaintiff sought an award of $11,691.00 allegedly owed by defendants under a statutory trust. Plaintiff also asked for an award of attorney's fees and pre-judgment interest.

After service of the complaint on August 11, 2004, defendants paid plaintiff the principal of $11,691.00. They failed, however,

1

to respond to the complaint, and thus did not address plaintiff's demand for fees and interest. Following the expiration of defendants' time to respond, plaintiff moved for a default, and on October 18, 2004 the District Court granted that request and referred the matter to me for an inquest.

We conducted a pre-inquest conference with plaintiff's attorney on November 23, 2004 and ordered all parties to serve and file affidavits and memoranda of law. (Order dated Nov. 23, 2005). Plaintiff duly submitted a memorandum of law addressing the availability of fees and interest under PACA, as well as two affidavits in support of the fee application. More recently, pursuant to a court directive (Order dated Oct. 27, 2005), plaintiff filed a follow-up affidavit to document its calculation of pre-judgment interest. Defendants have not appeared or responded in any way to plaintiff's submissions.

For the reasons that follow, we recommend that judgment be entered awarding plaintiff attorney's fees and disbursements in the amount of $6,157.64 and pre-judgment interest in the amount of $2,671.51.

The Evidentiary Record

Defendants' default requires us to accept as true the well-pled allegations of the complaint that are pertinent to liability. See Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993)(citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)); Chen v. Jenna Lane, Inc., 30 F.Supp.2d 622, 623 (S.D.N.Y. 1998). In assessing monetary relief, we rely on these allegations as well as the submitted affidavits and exhibits, which we have received in lieu of an evidentiary hearing. See, e.g., Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991)(quoting Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

Plaintiff is a corporation engaged in the business of selling wholesale quantities of perishable agricultural commodities in interstate commerce and is a licensed dealer under PACA. (Complaint at ¶ 3). In March 2003, plaintiff sold and delivered to the defendants quantities of produce priced at $11,691.00. (Id. at ¶ 6; Affidavit of Thomas J. Tramutola, sworn to Nov. 1, 2005, at ¶ 6 & Ex. 1).[1] The accompanying invoice specified that the commodities that it listed were sold "subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act".

---

[1] The complaint erroneously states that the goods were invoiced and delivered in 2004. (Compl. at ¶ 6).

(Compl., Ex. at fourth page). It also contained a notice that "[p]ast due invoices shall accrue interest at the annual rate of 16%", and that "[i]f overdue accounts are referred to an attorney you agree to pay our reasonable attorney's fees plus the costs of all legal action as an additional charge under the contract of sale covered by this invoice." (Id.).

Defendants failed to pay for the produce when payment was due despite repeated demands by plaintiff. (Compl. at ¶ 7). Plaintiff eventually filed suit in July 2004, and nearly two months later -- on September 13, 2004 -- defendants paid the principal amount. (Tramutola Aff. at ¶ 8). They have not, however, paid the outstanding claims for fees, disbursements and interest.

In support of plaintiff's current application, it has proffered the invoice, with its explicit notice to the buyer that a sixteen-percent rate of interest would apply to overdue accounts and a further provision that reasonable attorney's fees would be charged if an attorney's services were required to collect an overdue account. As for the amount of interest, plaintiff has provided a calculation based on interest accruing from the due date for payment to September 13, 2004, when payment was finally made, and that sum amounts to $2,671.51. (See id. at ¶9 & Ex. 2). Finally, in support of its fee application, plaintiff offers the

4

affidavits of its two lead attorneys. One documents spending a total of 11 hours at a billing rate of $265.00 (Unsworn and undated Affidavit of Louis W. Diess, III, Esq.) and disbursements of $66.07, and the other proffers time sheets reflecting 15.5 hours of attorney time at billing rates that ranged from $185.00 to $275.00, together with disbursements of $648.82. (Unsworn Affidavit of Bruce Levinson, Esq., dated Dec. 7, 2004).

## ANALYSIS

### A. The Perishable Agricultural Commodities Act

PACA is designed to offer protection to the producers and growers of perishable agricultural commodities against the failure of wholesale purchasers and commission merchants to pay for the goods that they buy. To remedy this problem, the statute requires the buyer to hold in trust his inventory of commodities, the products derived from them, and the proceeds of sale of such commodities and products. See 7 U.S.C. §§ 499e(c)(1) & (2); Endico Potatoes, Inc. v. CIT Group/Factoring, Inc., 67 F.3d 1063, 1067-68 (2d Cir. 1995). The trust created by the statute provides a seller of perishable agricultural commodities a secured interest in the buyer's assets. Id. As a beneficiary of the statutory trust, the seller is entitled to recover the "full payment of the sums owing

5

in connection with such transactions." 7 U.S.C. § 499e(c)(2). See, e.g., Weis-Buy Servs., Inc. v. Paglia, 411 F.3d 415, 422-23 (3d Cir. 2005); Country Best, M&M v. Christopher Ranch, LLC, 361 F.3d 629, 631 (11th Cir. 2004); Middle Mountain Land & Produce Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1223-24 (9th Cir. 2002); Ideal Sales, Inc. v. McGriff, 1997 WL 148043, at *5 (N.D. Tex. Mar. 26, 1997).

The immediate question for us is whether the expense of legal representation and an interest charge may be deemed "sums owing in connection with such transactions" and hence recoverable in a PACA lawsuit or may, on some other basis, be awarded to a prevailing plaintiff. We conclude that these items are recoverable in this case, and that, with one exception, the amounts currently sought by plaintiff should be awarded.

## B. **Attorney's Fees & Disbursements**

Plaintiff seeks to recover attorney's fees and disbursements on the basis of the invoice provision stating that "If overdue accounts are referred to an attorney, [defendants] agree to pay [plaintiff] reasonable attorney's fees plus the costs of all legal action as an additional charge under the contract . . ." (Compl., Ex. at fourth page). Although PACA does not refer explicitly to

attorney's fees, a court may grant fees on other grounds, including the terms of an enforceable contract. See, e.g., Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257-59 (1975). Moreover, PACA itself specifies that an aggrieved commodities seller is entitled to "full payment of the sums owing in connection with such transactions", 7 U.S.C. § 499e(c)(2), a term broad enough to encompass all charges for which the parties to a commodity sale contracted. See Country Best, M&M, 361 F.3d at 631; Middle Mountain Land & Produce Inc., 307 F.3d at 1223.

In this case, the inclusion of the legal-expense provision in the invoice constitutes a contractual obligation of the defendants and hence makes such expenses recoverable in this lawsuit. See, e.g., Dayoub Mkting, Inc. v. S.K. Produce Corp., 2005 WL 3006032, at *4 (S.D.N.Y. Nov. 5, 2005); Continental Food Group LLC. v. P.J. Produce, Inc., 372 F.Supp.2d 750, 752 (S.D.N.Y. 2005); E. Armata, Inc. v. Platinum Funding Corp., 887 F. Supp. 590, 594 (S.D.N.Y. 1995). See also Country Best, M&M, 361 F.3d at 632; Middle Mountain Land & Produce Inc., 307 F.3d at 1223. Plaintiff included the provision in the invoice, and there is no evidence before us that defendants objected to, or otherwise sought to preclude, acceptance of that term.

As recently noted, "[b]etween merchants . . . additional terms

7

contained in the seller's invoice become part of the parties' contract unless (1) the buyer expressly limited the seller's acceptance to the terms of the offer; or (2) the buyer objects to the new terms within a reasonable time; and (3) the additional terms materially alter the contract." Dayoub Mktinq, 2005 WL 3006032, at *4 (citing N.Y.U.C.C. § 2-207(2)(b)). Accord, e.g., In re Fleming Cos., 316 B.R. 809, 815-16 (D.D.C. 2004)(citing cases). Absent any objection by defendants to the fee provision and with no indication in the record that they expressly limited their original offer to preclude such a counter-offer by the seller, we conclude that the fee obligation is a binding part of the contract, and hence plaintiff's fees and disbursements should be awarded.

As for the amount of the fees, the measurement of such an award is normally done by way of a lodestar analysis, see Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992), and that is appropriate in the current context, since the contract refers to a "reasonable" fee. Under the lodestar analysis we look principally to the amount of legal work reasonably required and multiply that number of hours by a reasonable hourly rate. See, e.g., id. at 99.

Plaintiff's two principal attorneys report that they themselves and two junior attorneys invested a total of 26.5 hours in pursuing this litigation. Based on hourly rates ranging from

$185.00 to $275.00, the accumulated fees that plaintiff seeks amount to $7,257.00, together with disbursements of $714.89, for a total of $7,971.89. (See Diess Aff. at ¶¶ 2, 4 & annexed time records; Levinson Aff. at ¶ 2 & annexed time records).

We conclude that the work done by four attorneys from two law firms in a straightforward PACA case in which the defendants defaulted at the outset was somewhat excessive and plainly involved some duplication of effort. (Compare, e.g., Diess Aff. (entries for 7/20 & 28/04; 9/2 & 7/04) with Levinson Aff. (entries for 7/21, 22 & 26/04; 9/8 & 9/04). For compensation purposes, we therefore reduce the time by 25 percent. See, e.g., Dayoub Mkting, 2005 WL 3006032, at *6. As for the claimed hourly rates, they are entirely reasonable. We also see no basis to object to the listed disbursements. Accordingly, we recommend awarding plaintiff $6,157.64 in attorneys fees and disbursements.

### C. Pre-judgment Interest

PACA does not explicitly address the availability of pre-judgment interest. In the absence of such language, the courts have discretion whether to award interest and at what rate. See Rodgers v. United States, 332 U.S. 371, 373 (1947). See also Endico Potatotes, 67 F.3d at 1071; Frankie Boy Produce Corp. v. Sun Pac.

Enters., 2000 WL 1532914, at *2-3 (S.D.N.Y. Oct. 17, 2000); Valley Chip Sales, Inc. v. New Arts Tater Chip Co. L.L.C., 1996 WL 707028, at *5 (D.Kan. Oct. 10, 1996). Vested with this broad discretion, the courts have generally concluded that awarding prejudgment interest to PACA plaintiffs is consistent with the congressional intent to provide full protection for commodities suppliers. See, e.g., E. Armata, Inc., 887 F.Supp. at 594. Accord, e.g., Middle Mountain Land & Produce Inc., 307 F.3d at 1222-23; Fresh Kist Produce, LLC, v. Choi Corp., Inc., 251 F.Supp.2d 138, 141 (D.D.C. 2003); Tray-Wrap, Inc. v. Meyer, 1994 WL 710804, at *7 (S.D.N.Y. Dec. 20 1994); In re W.L. Bradley Co, 78 B.R. 92, 94 (Bankr. E.D. Pa. 1987). As one court has noted, "Failure to make such an award may create a disincentive to prompt payment to suppliers and encourage collection litigation while financially strapped purchasers fend off creditors, contrary to the congressional intent evidenced in PACA." Morris Okun, Inc. v. Harry Zimmerman, Inc., 814 F. Supp. 346, 351 (S.D.N.Y. 1993).

Moreover, the plaintiff's claim in this case to pre-judgment interest is buttressed by the explicit language of the invoice, which provided that past due accounts would accrue interest at the annual rate of 16%. (Compl., Ex. at fourth page). For reasons noted, this clause is properly deemed to be part of the terms of the contract and thus an element of "the sums owing in connection

10

with such transactions", of which "full payment" is commanded by the statute. 7 U.S.C. § 499e(c)(2). See Country Best, M&M, 361 F.3d at 631; Middle Mountain Land & Produce Inc., 307 F.3d at 1223; In re Fleming Cos., 316 B.R. at 816-817; Ideal Sales, 1997 WL 148043, at *5; Morris Okun, Inc., 814 F. Supp. at 351.

As for the rate of interest to be applied, the invoice specifies sixteen percent, and adoption of that rate would be consistent with the premise that an award of interest is justified, in part, as a contractual remedy. That approach has been followed by other courts, and we further note that a number of those courts have upheld interest rates that equal or exceed the rate sought here. See, e.g., Middle Mountain Land & Produce Inc., 307 F.3d at 1225 (plaintiff awarded 18% rate based on terms of invoice); Weis-Buy Servs., Inc. v. Paglia, 307 F. Supp.2d 682, 693-94 (W.D. Pa. 2004), rev'd on other gds., 411 F.3d 415 (3d Cir. 2005) (plaintiff awarded 18% rate based on invoice provision); Morris Okun, Inc., 814 F. Supp. at 351 (plaintiff awarded annual rate of 16% based on the monthly rate of 1.2% specified in the invoice).

We view such an award as appropriate here, and accordingly recommend that plaintiff receive an award of sixteen percent from the due date for payment until the date on which payment was finally received. Based on plaintiff's calculation -- which

11

defendants have chosen not to dispute -- this yields a total of $2,671.51 in pre-judgment interest. (Tramutola Aff. at ¶¶ 6-9 & Ex. 2).

**CONCLUSION**

For the reasons stated, we recommend entry of a default judgment for plaintiff, and against defendants jointly and severally, in the amounts of $6,157.64 in attorney's fees and disbursements and $2,671.51 in pre-judgment interest, for a total award of $8,829.15.[2]

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable John G. Koeltl, Room 1030, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York, 10007-1312. Failure to file timely

---

[2] By virtue of defendant's default they have waived any argument that the individual defendants may not be held liable under PACA. In any event, the courts have repeatedly held that individuals who control the corporate defendant may be held liable under common-law trust principles. See, e.g., Weis-Buy Servs., Inc., 411 F.3d at 420-22.

12

objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985), reh'g denied, 474 U.S. 1111 (1986); DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Secretary of Health and Human Services, 892 F.2d 15, 16 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


**DATED: New York, New York**
    **January 3, 2006**



RESPECTFULLY SUBMITTED,

_____
**MICHAEL H. DOLINGER**
**UNITED STATES MAGISTRATE JUDGE**


Copies of the foregoing Report and Recommendation have been mailed this date to:

Bruce Levinson, Esq.
747 Third Avenue
4th Floor
New York, New York 10017-2803

Louis W. Diess, III, Esq.
McCarron & Diess
4910 Massachusetts Avenue, N.W.
Suite 18
Washington, D.C. 20016

13

C.Z. Produce, Inc.
 a/t/a Carmelo Zito Wholesale
       Fruits & Vegetables
 a/t/a Carmine Zito Produce
1624 Stillwell Avenue
Bronx, New York 10641

Ms. Antoinette R. Zito
1086 Morris Park Avenue
Bronx, New York 10641

Ms. Carmelo Zito
1086 Morris Park Avenue
Bronx, New York 10641

Ms. Annette Zito
1086 Morris Park Avenue
Bronx, New York 10641